COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.  2-06-424-CV

 

3-T EXPLORATION, INC., JOE CREE, JOE
E.                          APPELLANTS

CURTIS
PRODUCTION CO., LTD., FISHER 

FAMILY
PARTNERSHIP, 5-T PROPERTIES, LTD., 

WESLEY
GREEN, LEONARD HUDSON 

DRILLING
CO., HUECO GLORIOSO OIL CO., 

MCGAHA
PROPERTIES, LTD., WILLIAMS 

PETROLEUM
CO., INC., LYNE ENERGY 

PARTNERS,
L.P., REDMON OIL COMPANY,

PROTECH
MANAGEMENT CO., INC., AND 

OAK
GROVE HOLDINGS, L.P.

 

                                                   V.

 

GREYFOX ENERGY PARTNERS LP,                                          APPELLEES

AND
TOM BURCHARD 

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellants 3-T Exploration,
Inc., Joe Cree, Joe E. Curtis Production Co., Ltd., Fisher Family Partnership,
5-T Properties, Ltd., Wesley Green, Leonard Hudson Drilling Co., Inc., Hueco Glorioso
Oil Co., McGaha Properties, Ltd., Williams Petroleum Co., Inc., Lyne Energy
Partners, L.P., Redmon Oil Company, Protech Management Co., Inc., and Oak Grove
Holdings, L.P. attempt to appeal from the trial court=s interlocutory order releasing certain funds from the registry of the
court to Appellees Greyfox Energy Partners, L.P. and Tom Burchard (Athe order to release funds@).  In their notice of appeal,
Appellants stated that the order to release funds is appealable under section
51.014(a)(4) of the civil practice and remedies code, which authorizes an
interlocutory appeal from an order granting or refusing to grant a temporary
injunction or overruling a motion to dissolve a temporary injunction.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon Supp. 2006). 
The order to release funds does none of those things.  

On November 21, 2006, we notified
Appellants that this court was concerned that it lacked jurisdiction over this
interlocutory appeal and stated that unless Appellants or any party desiring to
continue the appeal filed with the court on or before December 1, 2006, a
response showing grounds for continuing the appeal, we would dismiss the appeal
for want of jurisdiction.  See Tex. R. App. P. 42.3(a).








Appellants did not file a
response in this appeal.  Instead, on
November 22, 2006, Appellants filed a petition for writ of mandamus, requesting
that we compel the trial court to vacate the order to release funds.[2]  In their petition, Appellants argued that the
order to release funds was either the functional equivalent of a preliminary
injunction and therefore appealable under section 51.014(a)(4) or,
alternatively, was remediable only by writ of mandamus. 

Appellants cite no authority
for the proposition that an order to release funds from the registry of the
court is the same as a preliminary injunction, and our own research finds
none.  The order to release funds did not
prohibit or compel any action on Appellants= part; rather, it simply instructed the district clerk to release to
Appellees funds that Appellants had already tendered to the court=s registry.  See Tex. Loc. Gov=t Code Ann. ' 117.053(b)
(Vernon 1999) (authorizing clerk to pay out registry funds on written order of
the court in which the funds were deposited). 
Nothing in the local government code, the civil practice and remedies
code, or Texas case law suggests that such an order is subject to an
interlocutory appeal.

 








Therefore, we dismiss this
appeal for want of jurisdiction.  See
Tex. R.

App. P. 42.3(a), 43.2(f).

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DELIVERED:  January 25, 2007











[1]See Tex. R. App. P. 47.4.





[2]We
denied Appellants=
petition for writ of mandamus on November 27, 2006.